UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD MAYFIELD, | ) |
| Petitioner, | ) |
| vs. | ) No. 4:10-CV-1838 (CEJ) |
| DAVE DORMIRE, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the petition of Richard Mayfield for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

I.     Procedural History

Petitioner Richard Mayfield is currently incarcerated in the Jefferson City Correctional Center, pursuant to the sentence and judgment of the Circuit Court of Jefferson County, Missouri. On May 10, 2005, petitioner was found guilty of eight counts of statutory sodomy in the first degree, in violation of Mo.Rev.Stat. § 566.062. Resp. Ex. B at 133-134. On the same date, petitioner was sentenced to eight terms of life imprisonment, some of which were to be served consecutively. Id. at 134-137.

On June 13, 2006, the Missouri Court of Appeals of the Eastern District affirmed petitioner's conviction and sentence in a per curiam order. State v. Mayfield, 193 S.W.3d 792 (Mo. App. E.D. 2006) (Resp. Ex. E). Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

On August 29, 2006, petitioner filed a motion for post-conviction relief under Missouri Rule 29.15. Resp. Ex. F at 4-9. On June 25, 2008, the trial court denied

petitioner's post-conviction motion. Id. at 26-27. On November 17, 2009, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curiam opinion. Mayfield v. State, 297 S.W.3d 638 (Mo. App. E.D. 2009) (Resp. Ex. J). The appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner asserts three grounds for relief: (1) illegal search and seizure; (2) insufficient evidence of anal sodomy; and (3) prosecutorial misconduct.

## II.    Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005).  "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)).  "In the 'contrary to' analysis of the state court's

decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief."  Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

III.  Discussion

### Ground One: Illegal Search and Seizure

Petitioner argues that his Fourth Amendment rights were violated when the trial court allowed the contents of his laptop computer to be admitted into evidence. Petitioner alleges that the computer was searched and seized without a warrant and without proper consent.

"The Supreme Court has held that '[w]here the State has provided an

opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" <u>Mims v. Smith</u>, No. 4:07-CV-1445 (E.D. Mo. June 21, 2010) (citing <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976)). A search and seizure claim is cognizable in a habeas action only if "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." <u>Sweet v. Delo</u>, 125 F.3d 1144, 1149 (8th Cir. 1997).

In the instant case, petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim. Petitioner, through counsel, filed a motion to suppress the seized computer and contents, which the trial court denied. Resp. Ex. B at 52-54; <u>see</u> <u>Stone</u>, 428 U.S. at 494 (filing a motion to suppress qualifies as a full and fair opportunity to litigate a Fourth Amendment claim.). Petitioner then appealed the trial court's decision and the appeals court affirmed on the merits.  Rep. Ex. E at 2-4. As a result, petitioner's first claim is not appropriate for federal review and is denied.

### Ground Two: Insufficient Evidence

Petitioner argues that the State failed to prove beyond a reasonable doubt that petitioner committed sodomy during the period charged in the eighth count. Petitioner further argues that the victim's testimony was contradictory and inconsistent.

The due process clause prohibits the conviction of an accused "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). A federal habeas court must consider "whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Evans v. Luebbers, 371 F.3d 438, 441 (8th Cir. 2004).

On direct appeal, the Missouri Court of Appeals wrote:

> Section 566.062 provides that "[a] person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." As pertinent, the eighth count required the jury to find that between September 1, 2000, and December 5, 2000, Defendant put his penis in J.M.'s anus and that J.M. was less than fourteen years of age.

Resp. Ex. E, p. 4.

The evidence established that the victim, J.M., was less than fourteen years of age during the time period alleged in the charge. The victim testified that petitioner anally penetrated him, and he described the sexual acts, the location of the acts, and the period of time during which the abuse occurred. Resp. Ex. A at 748, 755, 758, 762-768, 831. During cross-examination, counsel for petitioner attempted to impeach the victim based on prior inconsistent statements made at a deposition. Id. at 790-798. Counsel also questioned the victim about his earlier admission that he "sometimes tells lies." Id. at 823. Notwithstanding the efforts to cast doubt on the victim's veracity, the Court concludes that when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found, beyond a reasonable doubt, that petitioner committed the essential elements of statutory sodomy in the first degree as charged in the eighth count. Petitioner's second claim is denied.

### Ground Three: Prosecutorial Misconduct

Petitioner's third claim is based on the allegation that the State did not inform him that the prosecutor had been previously fired after being found guilty of

misconduct in an unrelated case.

Petitioner did not raise this argument on direct appeal or in his post-conviction relief motion and has not shown cause, prejudice, or actual innocence to excuse his failure to exhaust state-court remedies. Thus, this claim is procedurally barred from review under 28 U.S.C. § 2254. See  Murphy, 652 F.3d at 848-50; Coleman v. Thompson, 501 U.S. 722, 750 (1991); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994); U.S. v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001).

However, even if this claim was not procedurally barred, it would still fail. "Prosecutorial misconduct involves serious unfairness which results in a deprivation of a defendant's fundamental due process right to a fair trial." Morrison v. USA, No. 4:11-CV-437 (E.D. Mo. August 20, 2012) (citing Greer v. Miller, 483 U.S. 756, 765 (1987)). "To prove prosecutorial misconduct, [petitioner] must show that (1) the prosecutor's conduct was improper and (2) that conduct 'prejudicially affected the defendant's substantial rights.'" Id. (citing Graves v. Ault, 614 F.3d 501, 507 (8th Cir. 2010)). The prosecutor's prior misconduct is completely irrelevant to the instant case and the record does not reflect any improper conduct on behalf of the State. Petitioner's third claim is denied.

IV.   Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d).  Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a

certificate of appealability.   See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2013.